UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HERMAN LORNES, JR.,<br>                                 Debtor.<br>_____<br>HERMAN LORNES, JR.,<br>                                Appellant,<br>v.<br>THOMAS H. BILLINGSLEA, chapter 13 trustee; DAN MC ALLISTER,<br>                                Appellees. | Case No.: 3:17-cv-01599-GPC-DHB<br><br>**ORDER DISMISSING BANKRUPTCY APPEAL**<br><br>**[ECF No. 1.]** |

    On August 9, 2017, Appellant Herman Lornes, Jr. ("Appellant") filed a Notice of Appeal purportedly electing to seek the district court's review and challenging the Bankruptcy Court for the Southern District of California's Order Granting Trustee's

1

Motion and Dismissing Case with 180-Day Bar to Re-Filing a further Chapter 13 bankruptcy plan. (Case No. 3:17-bk-03061, Dkt. No. 26).[1][2]

In the instant case, Lornes has purportedly chosen to seek the district court's jurisdiction by checking the form box to "elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel." (Dkt. No. 1 at 2.) However, this document does not appear to have ever been filed in the bankruptcy court, which referred the appeal to the Bankruptcy Appellate Panel. On August 7, 2017, Appellant filed a Notice of Appeal and Statement of Election with the bankruptcy court where he *did not* elect to have his appeal heard by the United States District Court, thereby defaulting to an appeal by the Bankruptcy Appellate Panel. (Case No. 3:17-bk-03061, Dkt. No. 32 at 2). An amended notice of referral to the Bankruptcy Appellate Panel similarly did not include an election for this Court to hear his appeal. (Case No. 3:17-bk-03061, Dkt. No. 34 at 2). As a result, the bankruptcy court issued a Notice of Referral of Appeal to the Bankruptcy Appellate Panel, (Case No. 3:17-bk-03061, Dkt. No. 33) and a Transmittal Memorandum to the Bankruptcy Appellate Panel. (Case No. 3:17-bk-03061, Dkt. No. 43). On August 11, 2017, the Bankruptcy Appellate Panel acknowledged the appeal and assigned the case No. SC-17-1227. (Case No. 17-1227, ECF No. 1). On August 25, 2017, Appellant filed a Designation of Record and Statement of Issues with the Bankruptcy Appellate Panel. (Case No. 17-1227, ECF No. 6). Appellant's Opening Brief in the appeal is due October 2, 2017. (Case No. 17-1227, ECF No. 4).

Accordingly, this Court lacks jurisdiction to review an appeal that is (1) simultaneously pending before the Bankruptcy Appellate Panel and (2) for which the Appellant never filed with the bankruptcy court a written election for the district court to

---

[1] This Court previously dismissed Lornes' appeal of a BAP order for lack of jurisdiction in Case No. 3:16-cv-02341-GPC-DHB, Dkt. No. 5 and again dismissed for lack of jurisdiction in Case No. 3:17-cv-00503, Dkt. No. 4.
[2] All citations to the record refer to the pagination generated by the CM/ECF system where available.

hear the appeal. *See* 28 U.S.C. § 158(c)(1) (requiring appellant to elect district court jurisdiction at "the time of filing of appeal"); *In re Woodman*, 698 F.3d 1263, 1267 (10th Cir. 2012) (finding in a similar simultaneous appeal to the BAP and district court that the district court lacked jurisdiction to review bankruptcy court decision where notice of appeal to district court was defective). The Tenth Circuit observed that policy considerations weighed against simultaneous appeals stating that: "[b]ankruptcy appellate panels were designed to provide an alternative, not a supplement, to an appeal to the district court. Nothing in the statutory language creating the panels suggests that Congress would tolerate the confusion and waste of resources that would result from simultaneous appeals of the same bankruptcy-court decision to both the district court and a panel." *In re Woodman*, 698 F.3d at 1266. Since Appellant unambiguously did not elect to have his appeal heard by the district court in the Notice of Appeal filed before the bankruptcy court, and has participated in appellate briefing before that court, this Court lacks jurisdiction to review the bankruptcy court's opinion.

Accordingly, the Court **DISMISSES** Appellant's appeal.

**IT IS SO ORDERED.**

Dated: September 11, 2017

Hon. Gonzalo P. Curiel
United States District Judge